[No. 15736.  Department One.  October 4, 1920.]

CHILD, DAY & CHURCHILL, INCORPORATED, *Appellant*, v.
F. E. R. LINFIELD *et al.*, *Respondents*.[1]

PARTNERSHIP (36)—LIABILITY—SALES—DELIVERY.  In an action against a partnership for goods ordered by a member of the firm, there was not sufficient evidence of delivery to the partnership to sustain its liability, where the partnership was dissolved before delivery and the goods were delivered to a corporation which succeeded to the business and receipt was taken therefor from the corporation and later a claim was filed against the corporation on its becoming insolvent.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered May 2, 1919, upon findings in favor of the defendant, dismissing an action on contract, tried to the court.  Affirmed.

*Francis A. Garrecht* and *A. O. Colburn*, for appellant.

*John Pattison*, for respondents.

PARKER, J.—The plaintiff, Child, Day & Churchill, seeks recovery from the defendant Mrs. Linfield, as a member of the defendant partnership—she being the only one served with summons in the action—of the sum of $245.71, the alleged purchase price of automobile tire chains claimed to have been sold and delivered by it to the defendants as partners.  Trial in the superior court for Spokane county, sitting without a jury, resulted in the court finding and concluding that the chains had never been delivered to the defendant partnership, and a judgment denying recovery, from which the plaintiff has appealed to this court.  The only question here to be considered is whether or not the chains were delivered to the defendant partnership.

[1]Reported in 192 Pac. 922.

On June 6, 1917, Ross, as a member of the defendant partnership, then doing business under the partnership name of "Service Garage," in a building so designated by name, gave to the appellant a written order for the purchase of a number of sets of automobile tire chains, to be delivered on November 1, 1917. On September 1, 1917, the defendant partnership dissolved and ceased to do business and sold its tools to Ross and Skinner, which we assume was a corporation, and which then commenced to do business in the same building, under the name "Ross & Skinner," not using the name "Service Garage," though it does appear that that name remained upon a sign on the building for a time after the corporation commenced to do business there. On or about November 1, 1917, appellant delivered to this building the tire chains in question, taking the receipt of Ross & Skinner therefor, that name being signed to the receipt by D. D. Skinner, who was concededly authorized to so act for Ross & Skinner. Some time later a receiver was appointed for, and took charge of the property and affairs of, Ross & Skinner, evidently because of the insolvency of that concern. Thereafter, on October 7, 1918, appellant filed its duly verified claim with the receiver for Ross & Skinner, claiming a balance of indebtedness due from that concern, which included the item for the purchase of the chains here in question, as if the chains had been sold and delivered from appellant to Ross & Skinner. Appellant's treasurer testified that its officers did not know, when the chains were delivered, that the partnership of Linfield and Ross had dissolved and ceased to do business; but it seems to us that the receipt which appellant took for the delivery of the chains constituted at least some warning to it that Linfield and Ross were no longer doing business at that place. The

record seems to warrant the conclusion, though not very certain in that regard, that appellant never sought collection of the purchase price of the chains from the partnership of Linfield and Ross for a period of more than a year following the delivery of the chains to Ross & Skinner. It is at least certain that Mrs. Linfield, from whom recovery is sought in this action, had no knowledge of the ordering of the chains by Ross, or of any claim being made by appellant against the partnership of which she was a member, for the purchase price thereof, until more than a year after the partnership of which she was a member had dissolved and had ceased to do business. We are of the opinion that, under all the circumstances of the case, the trial court did not err in holding that there was no delivery of the chains by appellant to the partnership of Linfield and Ross, either in law or fact, warranting recovery as prayed for.

The judgment is affirmed.

HOLCOMB, C. J., MAIN, MACKINTOSH, and MITCHELL, JJ., concur.